IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JEREMY C., SR., ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 7:22-cv-00029 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| KILOLO KIJAKAZI, ) | By:  Hon. Thomas T. Cullen |
| Acting Commissioner of Social Security, ) | United States District Judge |
| ) | |
| Defendant. ) | |

This social security disability appeal was referred to the Honorable Robert S. Ballou, United States Magistrate Judge, for proposed findings of fact and a recommended disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Judge Ballou filed a report and recommendation ("R&R") on January 3, 2023, recommending that Plaintiff Jeremy C.'s ("Plaintiff") motion for summary judgment be denied, the Commissioner's motion for summary judgment be granted, and the Commissioner's final decision be affirmed. Plaintiff filed objections to the R&R and the Commissioner responded, making this matter ripe for the court's consideration. For the following reasons, the court finds that the Commissioner erred in his treatment of the opinion of Dr. Debra Marks, a licensed clinical psychologist, and will sustain Plaintiff's objections, grant his motion for summary judgment, and remand this case to the Commissioner for further proceedings consistent with this Opinion.

## I.  BACKGROUND

On October 24, 2019, Plaintiff filed an application for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") pursuant to Title II and Title XVI of the

Social Security Act (the "Act").[1] (R. 206); *see* 42 U.S.C. §§ 401–33, 1381–1385 (2018). In his application, Plaintiff alleged that he had been disabled since August 1, 2011,[2] due to generalized anxiety disorder, unspecified bipolar and related disorder, alcohol use disorder, bipolar disorder, and hypertension. (R. 206–07.) The Commissioner denied Plaintiff's claims initially on March 3, 2020 (R. 206–220) and again after reconsideration on May 18, 2020. (R. 235–249.)

Plaintiff subsequently requested a hearing before an Administrative Law Judge ("ALJ") and, on March 24, 2021, Plaintiff appeared with his attorney before ALJ Jon Lyons. (R. 187–204.) Both Plaintiff and a vocational expert, Asheley Wells, testified at the hearing. (*Id.*) Following the hearing, the ALJ issued a written decision concluding that Plaintiff was not disabled within the meaning of the Act. (*See generally* R. 170–79.) In his decision, the ALJ found that Plaintiff's bipolar disorder, alcohol induced mood disorder, and generalized anxiety disorder were severe impairments under the Act, and his hypertension, obesity, asthma, and degenerative disc disease were non-severe. (R. 172–73.) Ultimately, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.* (citing 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, & 416.926).)

---

[1] At the hearing before the Administrative Law Judge, Plaintiff withdrew his application for DIB. (R. 190–91.)

[2] At the hearing before the ALJ, Plaintiff amended the alleged onset date to October 24, 2019. (R. 191.)

After consideration of the Record, the ALJ concluded that Plaintiff had the residual functional capacity ("RFC")³ to perform "light work" as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b). (R. 175.) Specifically, the ALJ found that

> [Plaintiff] is limited to simple and routine tasks in a stable work environment with complex procedures, processes, instruction nor is [he] able to perform timed or production-paced work. He can have few changes in work processes, procedures, or environment. He can have no more than occasional interactions with co-workers, supervisors, or the public.

(*Id.*) The ALJ determined that, based on Plaintiff's RFC, although having no past work experience, Plaintiff could perform jobs that exist in the national economy, such as laundry worker or price marker. (R. 178–79.) Accordingly, the ALJ concluded that Plaintiff was not disabled under the Act. (*Id.* at 179)

Following the ALJ's decision, the Appeals Council considered Plaintiff's reasons for setting aside the ALJ's decision, but ultimately determined that his reasons did not provide a basis to change the ALJ's decision. (R. 1–3.) The decision of the ALJ, therefore, became the final decision of the Commissioner on December 16, 2021. (*Id.*)

On January 21, 2022, Plaintiff filed suit in this court to challenge the final decision of the Commissioner. (*See* Compl. [ECF No. 2].) Pursuant to 28 U.S.C. § 636(b)(1)(B), this matter was referred to United States Magistrate Judge Ballou for consideration. On July 29, 2022, Plaintiff filed a motion for summary judgment/motion to remand (ECF No. 15), and the Commissioner filed a motion for summary judgment on August 29, 2022 (ECF No. 17). On January 3, 2023, Judge Ballou filed a R&R, recommending that this court grant the

---

³ A claimant's RFC refers to the most the claimant can still do despite his limitations. *See* 20 C.F.R. §§ 404.1545(a), 416.945(a) (2021).

Commissioner's motion for summary judgment and affirm the decision of the Commissioner. (R&R, January 3, 2023 [ECF No. 19].) Thereafter, on January 17, 2023, Plaintiff filed objections to the R&R (Pl.'s Obj. [ECF No. 20]), and the Commissioner responded on January 31, 2023 (Comm'r Response to Pl.'s Obj. [ECF No. 22]). Accordingly, this matter is ripe for disposition.

## II. STANDARDS OF REVIEW

### A. Standard of Review of Magistrate Judge Decision

Federal Rule of Civil Procedure 72(b) provides that, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." The objection requirement set forth in Rule 72(b) is designed to "train[] the attention of both the district court and the court of appeals upon only those issues that remain in dispute after the magistrate judge has made findings and recommendations. *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007) (citing *Thomas v. Arn*, 474 U.S. 140, 147–48 (1985)). An objecting party must do so "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection. *Id.* at 622.

> To conclude otherwise would defeat the purpose of requiring objections. We would be permitting a party to appeal any issue that was before the magistrate judge, regardless of the nature and scope of the objections made to the magistrate judge's report. Either the district court would then have to review every issue in the magistrate judge's proposed findings and recommendations or courts of appeals would be required to review issues that the district court never considered. In either case, judicial resources would be wasted and the district court's effectiveness based on help from magistrate judges would be undermined.

*Id.*

The district court must determine de novo any portion of the magistrate judge's report and recommendation to which a proper objection has been made. "The district court may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1).

If, however, a party "makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations," de novo review is not required. *Diprospero v. Colvin*, No. 5:13-cv-00088-FDW-DSC, 2014 WL 1669806, at *1 (W.D.N.C. 2014) (cleaned up) (quoting *Howard Yellow Cabs, Inc. v. United States*, 987 F. Supp. 469, 474 (W.D.N.C. 1997) and *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)). "The court will not consider those objections by the plaintiff that are merely conclusory or attempt to object to the entirety of the Report, without focusing the court's attention on specific errors therein." *Camper v. Comm'r of Soc. Sec.*, No. 4:08cv69, 2009 WL 9044111, at *2 (E.D. Va. 2009), *aff'd*, 373 F. App'x 346 (4th Cir.); *see Midgette*, 478 F.3d at 621 ("Section 636(b)(1) does not countenance a form of generalized objection to cover all issues addressed by the magistrate judge; it contemplates that a party's objection to a magistrate judge's report be specific and particularized, as the statute directs the district court to review only those portions of the report or specified proposed findings or recommendations to which objection is made.") (cleaned up). Such general objections "have the same effect as a failure to object, or as a waiver of such objection." *Moon v. BWX Technologies*, 742 F. Supp. 2d 827, 829 (W.D. Va. 2010), *aff'd*, 498 F. App'x 268 (4th Cir. 2012); *see also Arn*, 474 U.S. at 154 ("[T]he statute does not require the judge to review an issue de novo if no objections are filed . . . .").

Rehashing arguments raised before the magistrate judge does not comply with the requirement set forth in the Federal Rules of Civil Procedure to file specific objections. Objections that simply reiterate arguments raised before the magistrate judge are considered to be general objections to the entirety of the report and recommendation. *See Veney v. Astrue*, 539 F. Supp. 2d 841, 844–45 (W.D. Va. 2008). As the court noted in *Veney*:

> Allowing a litigant to obtain de novo review of her entire case by merely reformatting an earlier brief as an objection "mak[es] the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act." *Howard* [*v. Sec'y of Health & Human Servs.*], 932 F.2d [505,] [] 509 [(6th Cir. 1991)].

*Veney*, 539 F. Supp. 2d at 846. A plaintiff who reiterates her previously raised arguments will not be given "the second bite at the apple she seeks;" instead, her re-filed brief will be treated as a general objection, which has the same effect as would a failure to object. *Id.*

## B. Judicial Review of Social Security Determinations

It is not the role of a federal court to make administrative disability decisions. Rather, judicial review of disability cases is limited to determining whether substantial evidence supports the Commissioner's conclusion that the plaintiff failed to meet his burden of proving disability. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *see also Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966) In so doing, the court may neither undertake a de novo review of the Commissioner's decision nor re-weigh the evidence of record. *Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992). Evidence is substantial when, considering the record in its entirety, it might be deemed adequate to support a conclusion by a reasonable mind, *Richardson v. Perales*,

402 U.S. 389, 401 (1971), or when it would be sufficient to refuse a directed verdict in a jury trial. *Smith v. Chater*, 99 F.3d 635 638 (4th Cir. 1996).

Substantial evidence is not a "large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 565 (1988), but is more than a mere scintilla and somewhat less than a preponderance. *Perales*, 402 U.S. at 401; *Laws*, 368 F.2d at 642. "It means—and means only— 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). If the Commissioner's decision is supported by substantial evidence, it must be affirmed. 42 U.S.C. § 405(g); *Perales*, 402 U.S. at 401.

### III.  PLAINTIFF'S OBJECTIONS[4]

Plaintiff raises ten objections to the R&R: (1) the ALJ failed to explain "why plaintiff's moderate limitations in concentration, persistence, or pace, and in interacting with others did not translate into a limitation in the RFC beyond that imposed," in part because "the ALJ failed to properly consider the opinions of Dr. Marks" (Pl.'s Obj. p. 1); (2) the ALJ failed to explain "his reasoning regarding [P]laintiff's moderate limitations in concentration, persistence, pace and in interacting with others" (*id.* at 2); (3) the ALJ failed to "specifically address[] [P]laintiff's ability to sustain work activity over the course of an eight hour workday (*id.* at 3); (4) the ALJ's hypothetical question was unsupported by the Record and it did not consider Plaintiff's impairments (*id.*); (5) the ALJ failed to define "production[-]paced work" (*id.*); (6) the ALJ's limitations in the RFC "did not help to define production-paced work" (*id.*

---

[4] Detailed facts about Plaintiff's impairments and medical and procedural history can be found in the R&R (ECF No. 19) and the administrative transcript (ECF No. 9) and will not be restated here unless relevant to the objection under consideration.

at 4); (7) the ALJ did not properly consider the opinions of Dr. Marks (*id.*); (8) the ALJ did not adequately explain "why he found Dr. Marks's opinion not persuasive" (*id.* at 4–5); (9) the ALJ erred in determining that "plaintiff's allegations are not fully supported" (*id.*); and (10) the ALJ failed to point "to more than [P]laintiff's daily activities to discount [P]laintiff's subjective allegations" (*id.* at 6).

After a thorough review of the record, the court agrees with Plaintiff's objections as they relate to the ALJ's failure to adequately explain why he found Dr. Marks's opinions unpersuasive or that he failed to consider them entirely.[5]

As an initial matter, because Plaintiff filed his application on October 24, 2019, 20 C.F.R. §§ 404.1520c (DIB) & 416.920c (SSI) govern how the ALJ should have considered Dr. Marks's medical opinions.[6] When making an RFC assessment, the ALJ must assess every medical opinion received in evidence. The regulations provide that the ALJ "will not defer or give any specific evidentiary weight, including controlling weight" to any medical opinions or prior administrative medical findings, including those from the claimants' medical sources. 20 C.F.R. §§ 404.1520c(a), 416.920c(a) (2021). Instead, an ALJ must consider and articulate how persuasive he finds all the medical opinions and all prior administrative medical findings in a claimant's case. *See* 20 C.F.R. §§ 404.1520c(b), (c)(1)–(5); 416.920c(b), (c)(1)–(5).

---

[5] Plaintiff's other objections, to the extent they are even proper, will not be considered in this opinion. The court, therefore, overrules those objections. *See, e.g.*, *Midgette*, 478 F.3d at 622 ("Either the district court would then have to review every issue in the magistrate judge's proposed findings and recommendations or courts of appeals would be required to review issues that the district court never considered. In either case, judicial resources would be wasted and the district court's effectiveness based on help from magistrate judges would be undermined."); *Veney*, 539 F. Supp. 2d at 846.

[6] 20 C.F.R. §§ 404.1520c & 416.920c apply to claims filed on or after March 27, 2017. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01, 2017 WL 168819 (Jan. 18, 2017) (technical errors corrected by 82 Fed. Reg. 15132-01, 2017 WL 1105368 (Mar. 27, 2017)).

The most important factors in evaluating the persuasiveness of these medical opinions and prior administrative medical findings are supportability and consistency, and the ALJ must explain how he considered these two factors in his decision. *See id.* §§ 404.1520c(b)(2), 416.920c(b)(2). "Supportability" means "[t]he extent to which a medical source's opinion is supported by relevant objective medical evidence and the source's supporting explanation." Revisions to Rules, 82 Fed. Reg. at 5853; *see also* 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1) (2021). "Consistency" denotes "the extent to which the opinion is consistent with the evidence from other medical sources and nonmedical sources in the claim." Revisions to Rules, 82 Fed. Reg. at 5853; *see also* 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2) (2021). The ALJ is not required to explain the consideration of the other three factors, including the relationship with the claimant, specialization, and other factors such as an understanding of the disability program's policies and evidentiary requirements. *See* 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).

Here, Plaintiff asserts that the ALJ improperly calculated his residual functional capacity by rejecting the opinions of Dr. Marks and failing to explain why he did so. (Plaintiff's Obj. at 1–2, 4–5.) As noted above, the applicable regulations require ALJs to explicitly discuss the supportability and consistency of medical opinions. *See* 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2) ("[W]e will explain how we considered the supportability and consistency factors for a medical source's medical opinions . . . ."). An ALJ, therefore, must consider the five factors set forth in the regulation and, at minimum, explain his consideration of the supportability and consistency factors. *See Powers v. Kijakazi*, No. 2:21CV00006, 2022 WL 4296290, at *8 (W.D. Va. Sept. 19, 2022); *Garrett v. Kijakazi*, Civil Action No. 1:21-CV-00046-

GCM, 2022 WL 1651454, at *2 (W.D. N.C. May 23, 2022); *see also Dany Z. v. Saul*, 531 F. Supp. 3d 871, 883-84 (D. Vt. 2021) (explaining that failure to "explicitly discuss the supportability and consistency of medical opinions" can result in remand). Here, although the ALJ made passing reference to Dr. Marks's findings in the context of his decision, he did not explain the supportability of Dr. Marks's findings.[7] (*See* R. at 173.)

In determining Plaintiff's impairments, the ALJ found Dr. Marks's findings—including that Plaintiff had a full-scale IQ of less than 70, extremely low perceptual reasoning, processing speed, and general abilities—to be inconsistent with his Blue Ridge Behavioral Health records, the absence of a previously diagnosed intellectual disability, and Plaintiff's obtaining his GED. (*Id.*) While these findings could be construed as a determination concerning the consistency of Dr. Marks's opinion in relation to the administrative record, they do not specifically address the supportability of Dr. Marks's opinion.

Indeed, it is the responsibility of the ALJ to "build an accurate and logical bridge from the evidence to his conclusion" that Dr. Marks's findings are unpersuasive. *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016) (cleaned up) (quoting *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000)). To properly build a logical bridge for the supportability factor, the ALJ must consider whether a medical source, Dr. Marks, considered relevant "objective medical evidence and [presented] supporting explanations." *Todd A. v. Kijakazi*, Civil No. 3:20cv5942021 WL 5348668, at *5 (E.D. Va. Nov. 16, 2021) (quoting 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1)); *Powers*, 2022 WL 4296290, at *8. But here, the ALJ's

---

[7] The court notes that Dr. Marks is not mentioned by name anywhere in the ALJ's written decision. (*See* R. 170–79.)

evaluation of Dr. Marks's opinion is devoid of any explanation as to whether he considered the supportability factor in evaluating the persuasiveness of her opinion. The ALJ does not discuss Dr. Marks's reliance (or lack thereof) on "objective medical evidence" or any "supporting explanations" she may have offered. As such, the court can only speculate as to how the ALJ evaluated Dr. Marks's opinion under the applicable regulations, or whether he even properly considered them at all.

In sum, absent any meaningful explanation by the ALJ as to whether Dr. Marks's opinion was supported, as required by the applicable regulations, the court cannot meaningfully review how the ALJ evaluated the persuasiveness of her opinion and whether substantial evidence supports the ALJ's determination. *See Powers*, 2022 WL 4296290, at *7–9 (ordering remand when ALJ failed to explain supportability factor in finding that medical opinions were unpersuasive). As such, the court will sustain Plaintiff's objections to the R&R as they relate to the ALJ's failure to adequately explain the supportability of Dr. Marks's opinion.

## IV. CONCLUSION

Accordingly, the court will sustain Plaintiff's objections to the Report & Recommendation as they relate to Dr. Marks, grant his motion for summary judgment, and remand this case to the commissioner for further proceedings consistent with this Opinion.

The clerk is directed to forward a copy of this Memorandum Opinion and the accompanying Order to all counsel of record.

**ENTERED** this 13th day of March, 2023.

                                                */s/ Thomas T. Cullen*
                                                HON. THOMAS T. CULLEN
                                                UNITED STATES DISTRICT JUDGE